CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
SEP 11 2019
JULIA C. DUDLEY, CLERK
BY: /s/ HMcDonnad
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| TIMOTHY L. GARLAND, | ) | |
| | ) | |
| Petitioner, | ) | CASE NO. 7:18CV00322 |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| WARDEN, | ) | By: Hon. Jackson L. Kiser |
| | ) | Senior United States District Judge |
| Respondent. | ) | |

Petitioner Timothy L. Garland, a Virginia inmate proceeding pro se, filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging a disciplinary proceeding that resulted in a loss of earned good-conduct time and a sizeable restitution order. The petition is presently before me on the respondent's motion to dismiss, Garland's response thereto, and his motion for an evidentiary hearing. For the reasons set forth below, I will summarily dismiss Garland's petition without prejudice to allow him to pursue his pending state court habeas action and dismiss the parties' motions as moot.

I.

Garland is in the custody of the Virginia Department of Corrections ("VDOC"), serving a life sentence imposed in 1985. On August 14, 2015, at Dillwyn Correctional Center ("Dillwyn"), Garland was served with a Disciplinary Offense Report ("DOR"), charging him with being under the influence of unprescribed drugs. According to the DOR, on August 2, 2015, officers found Garland in the Day Room area, slumped in a chair and unresponsive. (Resp't Exhibits 20-22, [ECF No. 20-2]). In the medical unit, Garland kept going in and out of consciousness and seemed to be "hallucinating," because he said, "He wanted everyone to see" and "To bring us all together." (Id. at 22.) A staff member asked Garland if he had "taken, smoked or dr[u]nk

anything," and Garland said he was "having a 'bad reaction,' but would not say what he was reacting to." (Id.) He was transported to the hospital for tests. During a search of Garland's clothing, in the right jean pocket, an officer found "one folded white paper sealed with tape that contained a green and brown substance inside." (Id.) When an investigator interviewed Garland on August 4, 2015, he "admitted he smoked spice." (Id.) The DOR concluded, "The Investigation Office reviewed all of the observations presented, as well as Rapid Eye, and determined that the offender's actions were consistent with a person who was under the influence of some type of unauthorized substance or drug." (Id.) Garland denies taking unprescribed drugs and blames his symptoms on August 2, 2015, on a fall that caused him a concussion.

The disciplinary hearing was scheduled for August 20, 2015. (Id. at 20.) Garland alleges that he was not provided with forms to request witnesses and documentary evidence until August 19, 2015. He claims that he returned the form that day, seeking "toxicology results of urine and blood tests, and video tape." (Pet. Ex. A [ECF No. 24-1]). On August 21, 2015, the hearing officer denied Garland's requested evidence, because he had not returned the form within 48 hours before the scheduled hearing.

Ultimately, it appears from documents in the record that the hearing was conducted on February 4, 2016. (See Pet. Ex. C [ECF No. 1].) The hearing officer found Garland guilty of the charged offense because the reporting officer's description of Garland's actions was consistent with those of a person under the influence of a drug or other unknown substance. (Id.) Garland's penalty was 30 days of disciplinary segregation, loss of 120 days of "SGT," and an order for him to pay restitution in the amount of $6,963. These findings and penalties were apparently

approved after an institutional review on February 8, 2016.[1] At some point after the disciplinary hearing, Garland was transferred to Sussex I State Prison.

In January of 2017, the Sussex County Circuit Court received a letter from Garland, asking about the status of a habeas corpus petition he had sent to the court in the fall of 2016. By letter dated January 25, 2017, the clerk of the Circuit Court advised Garland that the court had received paperwork from him in September of 2016, but had not yet received the $34 filing fee or a copy of the pleading to be served on the Attorney General ("AG"). Garland responded by mailing the Circuit Court his application to proceed in forma pauperis. By letter dated February 23, 2017, the clerk advised Garland that the incomplete financial information he had offered in support of his application demonstrated that he did not qualify to proceed in forma pauperis. On March 9, 2017, the Circuit Court mailed Garland a copy of its order denying his application to proceed in forma pauperis. The accompanying letter again advised him that if he wanted to proceed with his habeas case, he needed to pay the $34 filing fee and to provide the court with a copy of the petition to be served on the AG. The copy of Garland's petition for a writ of habeas corpus in the Circuit Court record is stamped as received on April 4, 2017. Circuit Court records show this petition as is still pending and has not been decided on the merits.

On March 30, 2017, Garland signed and dated a Notice of Appeal from the Circuit Court's order denying his application to proceed in forma pauperis. He mailed this notice to the Court of Appeals of Virginia, which issued an order, stating that it did not have jurisdiction over the appeal, and transferring the appeal to the Supreme Court of Virginia. On April 26, 2017, the Supreme Court of Virginia issued an order granting Garland until June 8, 2017, to file his appeal.

---

[1] It is unclear from the DOR form whether the institutional review approved the $6,963 restitution amount, see Pet. Ex. C. Moreover, another copy of the same DOR form states that the disciplinary hearing occurred on August 26, 2017, and this copy does not include any restitution amount, see Pet. Ex. C, [ECF No. 1].

On June 5, 2017, he filed his petition for appeal, asking the Supreme Court of Virginia to reverse the Circuit Court's order denying his application to proceed in forma pauperis with his habeas corpus petition. In November of 2017, Garland also filed a "motion for a prohibitory injunction," seeking a court order to cease the garnishment of his prison wages toward satisfaction of the restitution imposed on him in February of 2015. On January 11, 2017, the Supreme Court of Virginia decided that no reversible error had been committed and refused Garland's petition for appeal of the Circuit Court's denial of in forma pauperis. The Court also denied his separate motion for a prohibitory injunction without further comment.

Garland filed his § 2254 petition, unsigned, with a cover letter dated June 15, 2018.[2] The court required him to submit a signed copy of his petition, which he did. Liberally construed,[3] his petition asserts that he was not provided the "Right to Request Witness and Documentary Evidence" form in time to request such evidence for the disciplinary hearing, in violation of his due process rights. The respondent has filed a motion to dismiss, arguing that Garland's habeas claims are untimely filed and procedurally defaulted. Garland has responded, making the matter ripe for disposition.[4]

---

[2] Garland originally filed his action in the United States District Court for the Eastern District of Virginia. It was transferred here because the prison that imposed the disciplinary conviction under challenge is located in this district.

[3] The court's order requiring Garland to submit a signed petition also instructed him that the amended petition would take the place of his previous filings. Garland's amended petition, however, clearly incorporates exhibits and information from his initial petition. Because he is proceeding pro se, I have liberally construed both of his submissions [ECF Nos. 1 and 7], jointly, as constituting his § 2254 petition.

[4] Garland has also moved for an evidentiary hearing to allow him to prove that he was not under the influence of drugs on August 2, 2015, as charged. Because I herein determine that the petition must be dismissed without prejudice on procedural grounds, I will dismiss his motion for an evidentiary hearing on his substantive claims as moot.

## II.

"[A] federal court may not grant a writ of habeas corpus to a petitioner in state custody unless the petitioner has first exhausted his state remedies by presenting his claims to the highest state court." Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000).[5] Absent a valid excuse, a state prisoner "must have fairly presented to the state courts the substance of his federal habeas corpus claim." Anderson v. Harless, 459 U.S. 4, 6 (1982). Ultimately, exhaustion requires the petitioner to present his claims to the highest state court with jurisdiction to consider them and receive a ruling. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). A petitioner has the burden to prove that he exhausted state court remedies as to each of his federal habeas claims. Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998). If a § 2254 petitioner still has available state court proceedings in which he can litigate his habeas claims, a federal court should dismiss his § 2254 petition without prejudice to allow him to exhaust those state court remedies. See Slayton v. Smith, 404 U.S. 53, 54 (1971).

The evidence in the records indicates that Garland has not yet exhausted available state court remedies regarding his due process claims as required under § 2254(b). Although he has filed a state habeas petition in the Circuit Court, he has not yet completed the required steps to have his claims adjudicated there. The Circuit Court clerk has advised Garland repeatedly that to proceed with his habeas action, he needs to pay the $34 filing fee. Garland has not yet done so. Thus, he has not yet offered the Circuit Court an adequate opportunity to address the constitutional claims advanced in his federal habeas petition, and those claims are still pending. Garland's petition for appeal to the Supreme Court of Virginia addressed only the Circuit Court's

---

[5] I have omitted citation(s), internal quotation marks, and/or alterations here and elsewhere in this opinion, unless otherwise noted.

denial of his application to proceed in forma pauperis. Thus, Garland has not "fairly presented to the state courts the substance of his federal habeas corpus claim[s]." Anderson, 459 U.S. at 6.

Because Garland's habeas action is still pending in the Circuit Court, he retains the opportunity to pay the filing fee and proceed with the case to receive that court's ruling on the merits of his claims.[6] Moreover, once the Circuit Court addresses the claims in his petition, if he is dissatisfied with the decision, he may then pursue an appeal to the Supreme Court of Virginia. See Va. Code Ann. §§ 8.01-654(A)(1), 17.1-406(B).

Because the state courts have not yet had a full opportunity to address Garland's habeas claims on the merits, and state court habeas corpus and habeas appeal remedies remain available to him, he has not yet fulfilled the exhaustion requirement in 28 U.S.C. § 2254(b). For this reason, I must dismiss his § 2254 petition without prejudice to allow him to exhaust state court remedies. Slayton, 404 U.S. at 54. An appropriate order will enter this day.

Potential timing problems could prevent, or make difficult, Garland's later filing of a timely § 2254 petition for writ of habeas corpus after he has exhausted available state court remedies on the merits of his claims. Thus, in the interests of justice and judicial economy, I will permit Garland to move to reopen this habeas action and file an amended habeas corpus petition under § 2254 within 60 days after the conclusion of the latest state court proceeding.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner and to counsel of record for the respondent.

---

[6] Habeas petitions filed under § 2254 are subject to a one-year period of limitation. 28 U.S.C. § 2244(d)(1). The respondent's motion to dismiss argues that Garland's federal petition is untimely filed because the state court petition was apparently filed on April 4, 2017, more than one year after the conclusion of the disciplinary proceedings in February 2016. Because it appears that Garland can still proceed with his Circuit Court filing if he pays the required filing fee, however, I find it appropriate to summarily dismiss the federal petition without prejudice as unexhausted, to allow him to proceed with the state court action. Therefore, I will dismiss the respondent's motion without prejudice as moot.

**ENTERED** this 11th day of ~~July~~ Sept., 2019.

/s/ Jackson L. Kiser
SENIOR UNITED STATES DISTRICT JUDGE